**UNITED STATES, Appellee,**

v.

**Sergeant Douglas M. BAXTER, SSN 421–72–8977, United States Army, Appellant.**

**CM 441478.**

U. S. Army Court of Military Review.

23 Sept. 1982.

Major Raymond C. Ruppert, JAGC, Major James F. Nagle, JAGC, and Captain James S. Currie, JAGC, were on the pleadings for the appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Paul K. Cascio, JAGC, Captain Patrick M. Flachs, JAGC, and Captain John L. Plotkin, JAGC, were on the pleadings for the appellee.

Before COKER, FOREMAN and WERNER, Appellate Military Judges.

OPINION OF THE COURT

COKER, Judge:

Appellant was convicted by general court-martial with members of attempted

murder, communicating a threat, three specifications of assault with a dangerous weapon, two specifications of wrongful appropriation, one specification of attempt to escape from lawful custody and one specification of wrongful possession of a firearm. He was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, reduction to grade of Private E–1, and confinement at hard labor for 20 years. In accordance with his pretrial agreement the period of confinement was reduced to 18 years, 6 months, and the remaining elements approved by the convening authority.

The issue before this Court is whether the instructions on sentencing by the military judge to the court-members on the possible falsity of testimony by the appellant were proper. We conclude that the instructions were erroneous.

The truthfulness of appellant's testimony and its materiality were squarely in issue before the court. The appellant testified under oath prior to the findings. In closing argument on the findings, trial counsel referred to eight separate incidents of false testimony by the appellant and repeatedly described the appellant as "lying." In argument on sentence the trial counsel twice pointed out the lack of truthfulness by the appellant. Government counsel requested the military judge to instruct the court on sentencing concerning the alleged false testimony by the appellant. An instruction was given over the objection of defense counsel.

The military judge in his general instructions on sentencing, cautioned the court members to sentence the appellant only for the offense of which they had convicted him. However, the military judge also instructed them as follows:

> If you find beyond a reasonable doubt that the defendant, while under oath yesterday, made a material false statement that he did not then believe to be true, you may consider this as a matter in aggravation. A defendant does not have a right to make such a false statement to effect (sic) the determination of guilty or innocence. The concept of an oath is an important part of our judicial system.

In *United States v. Warren,* 13 M.J. 278 (C.M.A.1982), the Court of Military Appeals applied the rule of *United States v. Grayson,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) to courts-martial. Following the Supreme Court's guidelines the Court cautioned that, in cases where the trial counsel has urged the court members to consider an accused's false testimony on sentencing, and the defense counsel requests instructions on the subject, the military judge should instruct them (1) that the truthfulness or falsity of the accused's testimony should play no part in sentencing unless they conclude that the accused lied; (2) that they should not consider any lies by the accused unless they were "willful and material"; and (3) that they must not mete out additional punishment for the false testimony but must consider it only insofar as they conclude that it bears on the accused's potential for rehabilitation. *Id.* at 285–86. Even in the absence of a defense request, the military judge may instruct *sua sponte,* but he must then do so correctly. *See United States v. Cabebe,* 13 M.J. 303, 306 (C.M.A.1982).

We believe that the military judge's instructions in this case met the first two elements of the *Warren* instruction but were inadequate to comply with the third. The military judge's initial admonition to sentence the appellant only for the offenses of which he had been convicted was later contradicted by the specific instruction allowing them to consider the appellant's false testimony as a factor in aggravation. We are not satisfied that the distinction between meting out additional punishment for perjury, and considering the perjury only insofar as it bears on potential for rehabilitation, was "clearly drawn by the military judge in his instructions...." *Warren, supra,* at 286. The specific instructions contained no caution that the false testimony could be used only in determining whether appellant was capable of being rehabilitated. *Cabebe, supra,* at 306.

Having concluded that the military judge's instructions were erroneous, we now turn to the question of whether the appellant was prejudiced. We believe that the

impact of the appellant's possible perjury on the sentence was minimal. Any significance of falsity in his testimony pales in comparison to the brutality of his acts. As stipulated in Prosecution Exhibit 6, "The skull was completely separated at the bridge of the nose so that the inside of the throat could be observed from above the nose. The floor of the right eye socket was crushed and the right eye descended into the right cheek area. A portion of the upper jaw was floating free." The instructions by the military judge to the court on the sentence were nonprejudicial under the facts of this case. The charges occurred over a two-month period of time, each involved the threat or use of violent force, four different victims were involved and firearms were involved on two occasions. The attack on the victim of the attempted murder charge was vicious and the injuries extensive. Any possible prejudicial effect of the inadequate instruction was more than cured by the convening authority's reduction of the sentence pursuant to the pretrial agreement.

The remaining allegations of error have been considered and determined to be non-meritorious.

The findings of guilty and the sentence are AFFIRMED.

Judge FOREMAN and Judge WERNER concur.